The Court of Appeals decreed as follows.

Per

JohNston, Ch.
If the will of Mrs. Curtis created a separate estate in Mrs. Bailer, according to the doctrines of this Court, then we are satisfied that the Statute of Limitations is no bar in the case. The husband would be construed a trustee for the -wife, and upon her death, her equitable interests would devolve on her personal representative for distribution. It appears, however, that there was no personal representative to make the claim, and according to the cases of Kennedy v. Edwards, and Geiger v. Brown, the Statute would not obtain currency until one was appointed.
If, therefore, this Court was satisfied that a separate estate was created in Mrs. Bailer, it would retain the case and permit the plaintiffs to cause administration to be granted on her estate, and tó amend their bill by making the Administrator a party, upon payment of costs.
But, upon the question whether the words of the will conferred a separate estate, this Court is equally divided. It is, therefore, ordered that that question be remitted to the Court of Errors, on the ground of an equal division of this Court upon it.
The whole court concurred.
*260 Extract from the will of Isabella Curtis — Probate 14th July, 1807.
“I give and bequeath to Catharine Bailer, daughter of Thomas Curtis, all my negroes and property which I am possessed of, or may have, by her to be freely enjoyed to every intent and purpose, as her own in every respect
Extract of the will of Thomas Curtis, dated in 1794.
“ I give and bequeath to Isabella Curtis, my wife, whom I likewise constitute, make and ordain the sole executrix of this my last will and testament, all my negroes and property which I am possessed of or may have, by her to be freely enjoyed to every intent and purpose, as her own in every respect whatsoever, during her lifetime, and at her decease to have the full disposal of it as she shall think proper, to the heirs of my body, and in no otherwise whatsoever, otherwise this will to be void and of no effect.”
Question remitted to the Court of Errors.
35s “ Whether, by the words of the will of Isabella Curtis, a separate estate was created in Catharine Bailer ?”
The following is the opinion of that Court.

Curia, per

DuNKiN, Ch.
In approaching the decision of the question submitted to the Court of Errors, it is well to bear in mind what has been often said by English Judges, and as often repeated by our own, viz: — that a separate interest in a married woman, is in derogation of ihe husband’s common laiv right — that it is the creature of the Court of Chancery- — and that, unless the intention to exclude the husband is clearly expressed, or arises by necessary implication, the marital right is maintained. In this, all the authorities concur. In one of our own cases it is thus stated. “By the common law, the personal estate of the wife, reduced to possession, becomes the absolute estate of the husband.” “ To create a sole and separate estate in the wife, free from the control of the husband, requires that there should be a clear and distinct expression of the intention of the grantor to create such an estate, such a departure from the rule. Equivocal expressions are not sufficient.” And again — “The expression of such intent should be plain, explicit and unequivocal; else there will be a continual conflict, from the desire to raise up implications of an intention to give a sole and separate estate to the wife, from slight expressions, leading to unceasing litigation.” Hence the absolute terms in which the property is given to the wife, or the amplitude of her enjoyment, have never been deemed sufficient to create a separate interest, in derogation of the common law right. The implication is, however, necessary when the estate is declared to be for the sole and separate use of' the *261 wife, although the words, ‘independently of her husband’— or ‘without the control of her husband,’ are not superadded.^01’ So, if the wife is authorized to give a receipt, or to do any other act which, as a feme covert, she would not ordinarily do. Here is a necessary implication that her separate existence was recognized, and that, in this matter, she was to act and be treated as a feme sole. But, beyond this, it is vain to attempt to reconcile the conflicting decisions. It is necessary to analyze the language in every case, in order to ascertain whether it was intended to exclude the marital right. In the will before us, the terms “ to be freely enjoyed to every intent and purpose,” may very well indicate no more than the amplitude of the estate, and words of a similar character occur, not unfrequently, without any more definite purpose. The other terms used, “ as her own in every respect,” have been repeatedly the subject of judicial consideration. The cases are collected by Mr. Justice Story, § 1382-3, and the conclusion at which he arrives is that, although the words “ for her own use and at her own disposal,” create a separate estate, as in the case of Pritchard v. Ames, where the decision of the Court is rested on the latter words as giving a jus disponendi which does not otherwise belong to a feme covert — yet, says he, “ on the other hand, a gift or bequest to a married woman ‘for her own use and benefit,’ or ‘ to be paid into her proper hands, for her own proper use and benefit,’ have been held not to amount to a sufficient expression of an intention to exclude the marital rights of the husband, for although the money is to be paid into her own hands, or to her own use, yet there is nothing in that inconsistent with its being subject to his marital rights.” In a note he remarks, that this is the doctrine expressly maintained in the authorities, and that, although there are antecedent dicta or opinions the other way, they seem to have proceeded on a misapprehension of the case of Johnes v. Lockhart, which has now been correctly reported in Mr. Belt’s note to 3 Bro. Ch. It. 383. The case of Graham v. Graham, goes farther in sustaining the marital rights than is, perhaps, warranted by any previous decision. The gift was to Rebecca Cooper, the wife of George Cooper, “ to her, and at her disposal at her death.” After a full examination, the Court say, “ we are, therefore, of opinion that the provisions of the will in question, do not create a sole and separate estate in Mrs. Cooper, (afterwards Mrs. Graham) disposable by her, whilst a married woman, in derogation of the marital rights.” It has been sometimes said, that some of the concurring Judges may have thought the words sufficient to create a separate estate during the existing coverture with Cooper, but that it did not extend to the second marriage. No such distinction is intimated in the decision; and it may be added that, so *262 far as able argument and high authority may amount to a adjudication, it is now settled that a gift to the sole and '’separate use of a woman, married or unmarried, is good against an after taken husband. But in the case before us, there are no such words as in Graham v. Graham-no words vesting in the married woman an express right of disposition; and we are of opinion, upon authority, that the marital right attached — and such is the response of the Court of Errors to the question submitted,
11 Cond. Eng. C. C. 127.
§ 1383.
3 Hill R. 145.
Armstrong 4 Myine & Craig, 377, and Newland v. Painter Id. 408-and note to §1384. 3 StJuns
But l^s cause was heard in the Court of Chancery: The of Thomas Curtis, from which the title of the testatrix, Isabella Curtis, was derived, constituted part of the plead-in the cause, according to the proper construction of which will, the’defendant also insisted on his right, independent of the bequest from Isabella Curtis. Thomas Curtis, in 1794, bequeaths to his widow his property, “ by her to be freely enjoyed to every intent and purpose, as her own in every respect whatsoever, during her life,” &c. It can hardly be contended that this exhibits an unequivocal intention to exclude the marital right of any future husband his widow might take, or that he contemplated such an event; or that it is any thing more than rather a tautologous expression of the amplitude of the gift. For many purposes a person is presumed to have knowledge of the instrument through which he derives title. But the identity of the language adopted by Mrs. Curtis in her own will,*with that which her husband had used in the gift to herself, would not only add a strong presumption that she was, at least, familiar with the instrument, but goes very far to shew that the language was used not with reference to the marital rights, or with any purpose of excluding them, but because this form of donation had received the sanction and authority of her own honored husband.
RichardsoN, O’Neall, Evans, Wardlaw and Frost, JJ. and Dargan, Ch. concurred.
Withers, J. Holding Court in Charleston.
The Court of Appeals in Equity then made the following order.

Per

Johnston, Ch.
The Court of Errors having responded to the question submitted by this Court, that the marital right of John Bailer attached on the property bequeathed by Isabella Curtis ; it is ordered and decreed that the appeal be dismissed.

Appeal dismissed.